UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 15-cr-10261-IT |
| | * | |
| EDWARD W. WITHROW III, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

November 27, 2017

TALWANI, D.J.

On September 10, 2015, a federal grand jury returned a six-count Indictment charging Defendant Edward W. Withrow III with one count of Conspiracy to Commit Securities Fraud and Wire Fraud in violation of 18 U.S.C. § 1349 (Count 1), one count of Securities Fraud in violation of 18 U.S.C. § 1348 (Count 2), two counts of Wire Fraud in violation of 18 U.S.C. § 1343 (Counts 3-4), and two counts of False Statements in violation of 18 U.S.C. § 1001 (Counts 5-6). Indictment [#3]. Pending before this court is Defendant's Motion to Sever Count 6 [#104]. For the reasons that follow, Defendant's motion is ALLOWED.

I. Background

Counts 1 through 4 of the Indictment allege that Defendant, along with a co-defendant and another co-conspirator conspired, between July 2012 and March 2013, to conceal control over unrestricted stock in Endeavor Power Corporation ("Endeavor"), and to profit therefrom. Specifically, the Indictment charges that after a November 2012 reverse merger of Parallax Diagnostics into Endeavor, Defendant engaged in a conspiracy to manipulate the trading of shares of Endeavor. Count 5 concerns Defendant's allegedly false statement during his SEC testimony regarding the extent of his ownership of Endeavor's shares.

Count 6 alleges that Defendant made another false statement during his SEC testimony, this time regarding the extent of his ownership in another company, Amazonas Florestal Ltd. ("Amazonas"). The government asserts, but does not charge in the Indictment, that Defendant was concealing the extent of his control over Amazonas by using his brother to hold, and then sell, Amazonas stock on Defendant's behalf.

Defendant has moved for separate trials under Fed. R. Crim. P. 8(a) and 14, arguing that Count 6 should never have been joined to Counts 1 through 5, and should now be severed from the upcoming trial on Counts 1 through 5. Defendant first argues that joinder is improper under Fed. R. Crim. P. 8(a), because the conduct relevant to Count 6 "concerns a separate and distinct subject matter." Further, even if joinder is proper, Count 6 must still be severed pursuant to Fed. R. Crim. P. 14, as its inclusion would "unfairly prejudice" Defendant. The government disagrees, arguing that joinder is indeed proper, as Count 6 is of the same or similar character as Counts 1 through 5, and in any event, the prejudice resulting from its inclusion is dwarfed by its probative value.

II. <u>Joinder</u>

Pursuant to Fed. R. Crim. P. 8(a), joinder of offenses in an indictment is allowed "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." To consider whether joinder of offenses is proper, courts generally look to several factors: (1) "whether the charges are laid under the same statute," (2) whether the conduct "involves similar victims, locations, or modes of operation," and (3) "the time frame in which the charged conduct occurred." <u>United States v. Taylor</u>, 54 F.3d 967, 973 (1st Cir. 1995) (citing <u>United States v. Chambers</u>, 965 F.2d 1250-51 (1st Cir. 1992); <u>United States v. Gray</u>, 958 F.2d 9, 14 (1st Cir. 1992)).

In arguing against joinder, Defendant contends that the charged conduct in Counts 1 through 5 involved an alleged "pump and dump" scheme to manipulate the market with respect to prices for Endeavor stock, while Count 6—making a materially false statement during the SEC examination regarding ownership of Amazonas shares—does not involve similar victims, locations, modes of operation, or time frame. The government disagrees, framing the conduct with respect to both Endeavor and Amazonas as Defendant's alleged concealment of control of unrestricted shares of stock, and subsequent false statements to cover up that concealment.

Defendant's argument would hold some persuasive force in the absence of Count 5. Despite the similarity of concealment of control of unrestricted shares of Endeavor stock as charged in Counts 1 through 4 and the concealment of ownership of the Amazonas shares during the SEC interview as alleged by the government, but not charged in Count 6, the purported schemes have little further similarity.

But Defendant is also charged with Count 5, and the court finds that Count 6 is properly joined with Count 5, as both are charges under the same statute (False Statements in violation of 18 U.S.C. § 1001), involving the same victim (the government), location (SEC office), modes of operation (statements made to the SEC), and time frame in which the charged conduct occurred (the same interview in August 2013). Count 5, in turn, involves alleged false statements relating to the Endeavor stock and is properly joined with Counts 1 through 4, as Defendant concedes.

Rule 8(a) "is generously construed in favor of joinder, in part because Fed. R. Crim. P. 14 provides a separate layer of protection" for a defendant. See United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996) (internal citation omitted). Accordingly, finding joinder proper, the court turns to the question of severance.

III. Severance

Pursuant to Fed. R. Crim. P. 14, "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts." "[W]hether joinder of offenses unduly prejudices a defendant is addressed to the district court's sound discretion." United States v. Richardson, 515 F.3d 74, 80 (1st Cir. 2008). Because "[s]ome prejudice results in almost every trial in which the court tries more than one offense together[,] [g]arden variety prejudice . . . will not, in and of itself, warrant severance." Id. According to the First Circuit:

> Generally, there are three types of prejudice that may result from trying a defendant for several different offenses at one trial:
>
> (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

United States v. Scivola, 766 F.2d 37, 41-42 (1st Cir. 1985) (internal citations omitted). Defendant's request for severance rests on the second type of prejudice, namely that evidence relating to the Amazonas scheme would be used as evidence of guilt relating to the Endeavor scheme.

The court agrees that such risk is presented and that severance is warranted on the facts and circumstances of this case. It does not appear that much of the evidence of the underlying scheme with respect to Amazonas would be admissible under Rule 404(b) to show knowledge or lack of mistake with regard to Counts 1 through 5. There is no allegation that the specific disclosure rules which Defendant is alleged to have violated during the (uncharged) Amazonas scheme were relevant to the Endeavor scheme, nor how Defendant's participation in the Amazonas scheme would have acquainted Defendant with the rules relating to the Endeavor

4

scheme. Moreover, the government's description of the Endeavor and Amazonas schemes paints with too broad a brush. Describing both schemes as concealment of control of unrestricted shares of stock blurs the line between propensity evidence and modus operandi. The Indictment and counsel's arguments indicate that the two purported schemes involved different organizational structures, different coconspirators, and different companies. As a result, "the overlap between the two schemes, in terms of evidence to be presented at trial, seems slight, [and] the concerns of judicial economy balance lightly against the dangers of jury confusion and conviction based on propensity evidence. United States v. Buchanan, 930 F. Supp. 657, 668 (D. Mass. 1996).

IV. Conclusion

For the foregoing reasons, Defendant's Motion to Sever Count 6 [#104] is ALLOWED. Count 6 shall be severed and tried separately from the trial on Counts 1-5, with such separate trial to commence on Monday, December 18, 2017.

IT IS SO ORDERED.

Date: November 27, 2017 /s/ Indira Talwani
United States District Judge